IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY D. HOWARD,<br>          Plaintiff,<br><br>vs.<br><br>CANTEEN CORRECTIONAL<br>SERVICES, INC., MR. THOMAS KLINE,<br>MR. ERNEST MARKHAM, MR. SAM<br>MINOTTI, MR. BLAIR PARR, MS.<br>DARLENE THOMAS, MR. D.J.<br>WILLIAMS,<br>          Defendants. | Civil Action No. 11-161<br>District Judge Terrence F. McVerry<br>Magistrate Judge Maureen P. Kelly |

**REPORT AND RECOMMENDATION**

I.    **RECOMMENDATION**

It is respectfully recommended that the complaint in the above-captioned case be dismissed for failure to prosecute.

II.    **REPORT**

Plaintiff Gregory D. Howard has presented a civil rights complaint against Defendant Canteen Correctional Services, Inc. ("Canteen") and six managers, alleging that his rights were violated in, *inter alia,* denying him a nutritious and edible vegan diet, required by his religious beliefs, which resulted in his alleged malnourishment and the aggravation of certain medical issues. [ECF No. 1-1]

On June 14, 2011, Defendants filed a Motion to Dismiss or in the Alternative for Summary Judgment (the "Motion to Dismiss"). [ECF No. 13]. Plaintiff filed a "Motion for Appointment of Counsel, Extension of Time and Injunction." [ECF No. 19]. This Court granted

1

Plaintiff an extension of time to file a response to the Motion to Dismiss until September 7, 2011, but this Court denied Plaintiff's request to appoint counsel and his motion for an injunction. [ECF No. 23]. On September 24, 2011, the Court issued an Order to Show Cause as to why the action should not be dismissed given Plaintiff's failure to file a response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment by September 7, 2011, as required by the August 17, 2011 Order. [ECF No. 24]. Over a month has passed since the issuance of the Order to Show Cause and Plaintiff has yet to file a response to either the Order to Show Cause or the prior scheduling Order requiring his response to Defendants' Motion to Dismiss.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors Nos. 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders. Plaintiff's failure to respond to the Court Orders was not only solely his personal responsibility but his repeated failure to do so in the past eight weeks appears willful and constitutes a history of dilatoriness.

With respect to the Factor No. 2 – the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders – other than being named as Defendants in this action, and the expense of preparing a Motion to Dismiss, there appears to be no specific prejudice to Defendants other than general delay. Similarly, Factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Moreover, because he has failed to respond to the August 17, 2011, and September 24, 2011 Orders of Court, it appears that Plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections and responses thereto in accordance with

the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,


/s/   Maureen P. Kelly
U.S. Magistrate Judge

cc: Gregory D. Howard
48 Beechford Road
Penn Hills, PA 15235

All counsel of record via CM/ECF